UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE GOLDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PETE WILSON, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-1746 EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis (ECF No. 7), and has filed a motion for an order requiring the production of other inmates parole records (ECF No. 18), and a motion for extension of time (ECF No. 19).

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Motion for Parole Records**

Plaintiff's motion for parole records seeks data showing parole grant rates for black and white inmates over the past forty years.  ECF No. 18.  This motion is denied.  As explained

1

below, plaintiff has not stated a cognizable claim for relief under section 1983 and retrieval of this data is not warranted at this time. The court will revisit this issue if plaintiff successfully amends his claims and proceeds with this action. He is cautioned, however, that sweeping requests like the one at issue here are unlikely to be granted. Any future request should be narrowly tailored and plaintiff should explain in detail how the data he seeks is relevant to the alleged violations of his own rights and necessary for the prosecution of his claims.

### III.  Motion for Extension of Time

Plaintiff seeks a sixty-five day extension so that he might receive information from various state and federal governmental entities which, he claims, would prove his case. ECF No. 19 at 1. The request is denied. Plaintiff is not required to prove his case at this stage. Instead, he must simply state a cognizable claim for relief.  For the reasons explained below, he has failed to do so. If plaintiff amends his complaint to state a viable claim, he will be afforded sufficient time to pursue relevant evidentiary information through discovery.

### IV.  Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### V.     Screening Order

The court has reviewed plaintiff's complaint (ECF No. 6) pursuant to § 1915A and finds it must be dismissed for failure to state a claim. Plaintiff alleges that each of the defendants – former and current governors of California – deployed an 'underground policy of cherry-picking' inmates for parole. *Id*. at 3. He claims that this policy, which has been in place for the past thirty years, discriminated against black inmates and favored their white peers. *Id*. First, these allegations are insufficiently pleaded insofar as they are vague and conclusory. Plaintiff has not explained, for instance, how each of the defendants personally violated his rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must contain "enough facts to state a claim to relief that is plausible on its face."); *see also Jackson v. Official Representatives and Employees of Los Angeles Police Dept.*, 487 F.2d 885, 886 (9th Cir. 1973) (per curiam) (holding that a plaintiff does not have standing to complain about violations of others' constitutional rights). He has included, by way of six exhibits to the complaint (ECF Nos. 6-1 – 6-6), various articles, reports, and court decisions, but he has not made any effort to specifically connect these supplements to the alleged violations of his own rights. Second, and more fatal to plaintiff's suit, is the form of relief sought. He asks the court to grant him release

from incarceration without parole – an obvious challenge to the state's custody.  ECF No. 6 at 3.  Claims which, if successful, would secure a plaintiff's immediate release fall within the 'core of habeas.'  *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within "the heart of habeas corpus," whereas "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 36 L. Ed. 2d 439, 93 S. Ct. 1827 (1973)).  The United States Court of Appeals for the Ninth Circuit has recently held that "habeas is available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas."  *Nettles v. Grounds*,    F.3d   , 2016 U.S. App. LEXIS 13573 * 20, 2016 WL 3997255 (9th Cir. 2016).  Accordingly, this section 1983 suit is an inappropriate vehicle for his claims as they currently stand.

Given the vague, threadbare state of plaintiff's allegations, the court declines to exercise its discretion to recharacterize this action as proceeding under Section 2254.  *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").  Here, doing so might also disadvantage plaintiff insofar as it would impede his ability to file a properly drafted habeas petition in the future.[1]  *See United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000) (holding that a court should not recharacterize a pro se pleading where doing so would be to the claimant's disadvantage).

Instead, plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

---

[1] "[B]y recharacterizing as a first [habeas] motion a pro se litigant's filing that did not previously bear that label, the court may make it significantly more difficult for that litigant to file another such motion." *Castro v. United States*, 540 U.S. 375, 382-83 (2003).

their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

## VI. Summary of Order

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

3. Plaintiff's motion for parole records (ECF No. 18) and motion for extension of time (ECF No. 19) are denied.

4. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: February 6, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE